### STATE v. WILLIAM LEWIS CARROLL.

(Filed 10 November, 1965.)

APPEAL by defendant from *Carr, J.,* March 1965 Regular Criminal Session of WAKE.

Criminal prosecution on a bill of indictment containing two counts, to wit: First, the larceny of a described automobile, the property of one Marvin Terry Watts, of the value of $2,000.00; and second, the receiving of said automobile with knowledge it had been stolen and with felonious intent. The indictment alleged said criminal offenses were committed in Wake County, North Carolina, on February 7, 1965.

On March 5, 1965, the court, in accordance with G.S. 15-4.1, appointed counsel to represent defendant. At the trial session, which convened March 15, 1965, defendant, represented by his court-appointed counsel, pleaded not guilty; and a jury was duly chosen, sworn and impaneled.

The only evidence was that offered by the State. At the conclusion thereof, the court allowed defendant's motion for judgment as of nonsuit with reference to the receiving (second) count.

With reference to the larceny (first) count, defendant's motion for judgment as of nonsuit was overruled; and at the conclusion of the trial, the jury returned a verdict of "Guilty of Larceny of an Automobile as charged."

The court pronounced judgment imposing a prison sentence "of NOT LESS THAN THREE YEARS NOR MORE THAN FIVE YEARS," and recommended that defendant "be placed in a Youthful Offenders Camp." Defendant excepted and appealed.

An order was entered (1) permitting defendant to appeal *in forma pauperis,* (2) appointing defendant's trial counsel as his counsel in connection with his appeal, and (3) requiring that Wake County provide the necessary transcript and printing incident to defendant's appeal.

STATE *v.* CARROLL.

*Attorney General Bruton, Deputy Attorney General Lewis and Staff Attorney Wood for the State.*

*M. Marshall Happer, III, for defendant appellant.*

PER CURIAM. Defendant's brief brings forward his Assignments of Error Nos. 4 and 9 and Nos. 5 and 8.

Under Assignments Nos. 4 and 9, defendant contends the court erred in overruling his motion for judgment as of nonsuit and his motion to set aside the verdict.

There was evidence that, within an hour from the time Mr. Watts' automobile was removed, without his knowledge or consent, from the parking lot at his place of business, it was discovered in the possession of defendant, a person unknown to Mr. Watts; and the evidence as to the circumstances of defendant's possession was sufficient to support a jury finding that defendant had taken Mr. Watts' automobile unlawfully and with felonious intent. Suffice to say, there was ample evidence to support the verdict. Assignments Nos. 4 and 9 are without merit.

Under Assignments Nos. 5 and 8, defendant contends the court (1) failed to explain and apply the legal principle that the requisite felonious intent in larceny must exist at the time of the unlawful taking and (2) failed to give equal stress to the contentions of defendant as required by G.S. 1-180.

It is noted that defendant did not testify or offer evidence. Under the circumstances, we perceive no prejudicial error in the court's review of the respective contentions.

The court's final instruction, consistent with prior instructions, required, as a prerequisite to a verdict of guilty, that the State satisfy the jury from the evidence beyond a reasonable doubt that defendant did take and carry away Mr. Watts' automobile on February 7, 1965, and that he did so with the felonious intent *to permanently deprive* said owner of his property and to apply it to his, the taker's, own use.

It is suggested that the court should have stated as a contention of defendant that defendant may have unlawfully taken possession of Mr. Watts' automobile for some undisclosed temporary purpose and thereafter conceived the idea of appropriating it permanently to his own use. Assuming, without deciding, that the statement of such a contention would have been appropriate if specifically requested by defendant, the failure to give such instruction absent request therefor was not prejudicial to defendant.

In our view, Assignments Nos. 5 and 8 are without merit.

No reason or argument is stated and no authority is cited in defendant's brief bearing upon the other assignments of error. Hence, they are deemed to have been abandoned.

No error.